# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 4, 2008

Charles R. Fulbruge III
Clerk

No. 07-10663
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

PATRICIA REYES-RIOS,

Defendant–Appellant.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:07-CR-41-5

Before STEWART, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Patricia Reyes-Rios (Reyes) appeals her jury-conviction of one count of conspiracy to possess and distribute more than five kilograms of cocaine and one count of possession with intent to distribute more than five kilograms of a mixture and substance containing a detectable amount of cocaine, and aiding and abetting, in violation of 18 U.S.C. § 2, 21 U.S.C. §§ 846, 841(a)(1), and (b)(1)(A). She argues that the district court erred in denying her motion for

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

judgment of acquittal on both indictment counts and that the Government misstated the law in its closing arguments, resulting in prejudicial error.

Regarding the conspiracy charge, while mere presence at a crime scene is insufficient to support a reasonable inference that Reyes was a participant in the conspiracy, presence and association, along with other evidence, are factors that may be considered by the jury in finding conspiratorial participation. See United States v. Delagarza-Villarreal, 141 F.3d 133, 139-40 (5th Cir. 1997). When viewing the evidence and all reasonable inferences in the light most favorable to the verdict, see United States v. Izydore, 167 F.3d 213, 219 (5th Cir. 1999), evidence set forth at trial shows that Reyes was contacted by co-conspirator Raul Perez, Jr., for the purpose of supplying 24 kilograms of cocaine in exchange for $444,000. Reyes had previously acted as a supplier of cocaine for Raul Perez, Jr. In this instance, Reyes agreed to supply the cocaine and arrived at the agreed-upon location with the agreed-upon quantity. She was arrested while she and the other co-conspirators were waiting for the cash to be delivered. This evidence, and other evidence in the trial record, indicates that it was rational for the jury to determine that an agreement existed between two or more persons to violate federal narcotics laws, that Reyes had knowledge of the agreement, and that she voluntarily participated in the agreement. See United States v. Lopez-Urbina, 434 F.3d 750, 757 (5th Cir. 2005); United States v. Gonzales, 79 F.3d 413, 423 (5th Cir. 1996).

For similar reasons, the evidence supports the guilty verdict on the charge of possession with intent to distribute. See United States v. Solis, 299 F.3d 420, 446 (5th Cir. 2002). Finally, Reyes's credibility challenge to the testimony of co-conspirator Raul Perez, Jr., does not provide a basis for disturbing the jury's determination. See United States v. Westbrook, 119 F.3d 1176, 1190 (5th Cir. 1997); United States v. Bermea, 30 F.3d 1539, 1552 (5th Cir. 1994). The district court therefore did not commit error when it denied Reyes's motion for a judgment of acquittal.

Reyes also argues that the Government misstated the law in its closing argument by stating that the jury could find her guilty solely due to her presence at the crime scene. Reyes failed to object to the portion of the closing argument that she is now contesting. Review is therefore for plain error. See United States v. Mares, 402 F.3d 511, 515 (5th Cir. 2005). Given the district court's correct instruction regarding mere presence at a crime scene and the strength of the evidence against Reyes, the prosecutor's remark does not cast serious doubt on the correctness of the jury verdict. See id. Reyes has failed to show error, plain or otherwise, regarding this issue. See id.

AFFIRMED.